UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.LIGHT DESIGN, INC., *et al.*, | No. C-13-5988 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| BOXIN SOLAR CO., LTD., *et al.*, | |
| Defendants. | **(Docket No. 5988)** |

Plaintiffs have filed suit against ten different China-based defendants (only some of which are allegedly related), asserting that they have, *inter alia*, infringed nine different design patents, infringed the trade dress of three different d.light products, infringed the d.light trademarked name, and engaged in unfair competition. Currently pending before the Court is the Plaintiffs' ex parte application for a temporary restraining order ("TRO"), which was filed on December 30, 2013, *i.e.*, shortly before the Near Year holiday. Plaintiffs ask for broad relief, including but not limited to: an injunction barring Defendants from selling the allegedly infringing products and operating websites, an order instructing third-party registries/registrars to disable domain names, an order permitting Plaintiffs to take discovery immediately both from Defendants and from third-party financial institutions that receive or process payments or hold assets on Defendants' behalf (*e.g.*, PayPal, Western Union, Amazon, Visa, MasterCard), and an order restricting the transfer of Defendants' assets.

Plaintiffs' request for relief is hereby **DENIED** without prejudice.

Plaintiffs have failed to give an adequate explanation as to why proceeding on an ex parte basis (*i.e.*, without notice to Defendants) is appropriate.  There are simply conclusory statements in the supporting declarations stating that, if notice is given, Defendants are likely to dissipate assets. *See, e.g.*, Docket No. 32 (Mancini Decl. ¶ 5); Docket No. 28 (Tarbutton Decl. ¶ 29).

Moreover, issues are raised in Plaintiffs' motion that warrant a response from Defendants, including but not limited to: whether there is personal jurisdiction over Defendants, all of whom are based in China; whether joinder of all Defendants is appropriate in light of 35 U.S.C. § 299; whether Plaintiffs have made an adequate showing of irreparable injury; and whether preliminary relief is warranted in light of the apparent delay in seeking relief by Plaintiffs.

Accordingly, Plaintiffs' ex parte application is denied.  The denial is without prejudice. Plaintiffs are not barred from moving a second time for a TRO on an ex parte basis but they must make a stronger showing that it is necessary to proceed ex parte.  Plaintiffs also are not barred from moving for a TRO upon giving appropriate notice to Defendants.  Plaintiffs are forewarned that, depending on the circumstances, notice by e-mail may not be sufficient.  For example, an e-mail to a defendant's customer service account will likely be insufficient.  In contrast, an e-mail to a defendant's general counsel accompanied by telephone notice to the same will more likely be deemed sufficient notice.

This order disposes of Docket Nos. 19 and 20.

IT IS SO ORDERED.

Dated: January 2, 2014

_____
EDWARD M. CHEN
United States District Judge

2