UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.LIGHT DESIGN, INC., *et al.*, | No. C-13-5988 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' SECOND APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| BOXIN SOLAR CO., LTD., *et al.*, | |
| Defendants. | **(Docket No. 45)** |

Previously, the Court issued an order deferring a ruling on Plaintiffs' second application for a temporary restraining order ("TRO") pending supplemental briefing on the issue of personal jurisdiction. Plaintiffs have now provided the supplemental briefing. Having considered that briefing, the Court hereby **GRANTS** Plaintiffs' application.[1]

"'A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7 (2008)). Here, Plaintiffs have shown a likelihood of success on the merits based on, *inter alia*, the substantial similarities between the designs of their products and the products of Defendants, the apparent distinctiveness of Plaintiffs' trade dress and trademark, and the apparent nonfunctionality of Plaintiffs' trade dress. Plaintiffs have also made out an adequate

---

[1] The Court's ruling here does not bar Defendants from contesting personal jurisdiction, *e.g.*, in opposition to Plaintiffs' motion for a preliminary injunction.

showing that they are likely to suffer irreparable harm without temporary injunctive relief (*e.g.*, loss of good will and/or reputation).  Finally, there is nothing in the record (at least not at this point) to suggest that Defendants would be unduly harmed or that the public interest would suffer if a TRO were to be issued (particularly as so limited by the Court).

While the Court previously deferred ruling on the request for a TRO because of a concern about personal jurisdiction, Plaintiffs have at this juncture made a sufficient showing that there is personal jurisdiction (although as noted above, this ruling does not preclude Defendants from contesting personal jurisdiction, if appropriate).

Plaintiffs have basically offered two theories in support of their claim that there is personal jurisdiction: (1) that there is specific jurisdiction because Defendants have websites that are accessible to consumers in the United States, including California, and through which they are ready, willing, and able to sell the infringing products to California consumers, *see* Supp. Br. at 4 (noting that Plaintiffs' investigator, who is based in San Francisco, purchased and received at least one infringing product from each Defendant); and (2) that there is specific jurisdiction because Defendants individually targeted Plaintiffs by deliberately copying Plaintiffs' products and knew or should have known that Plaintiffs' headquarters are in California.[2]  *See* Supp. Br. at 6.

The Court is skeptical about Plaintiffs' first theory.  There currently is no information as to whether Defendants have specifically targeted California for sales.  *See, e.g.*, *Quigley v. Guvera IP Pty. Ltd.*, 2010 U.S. Dist. LEXIS 134409, at *11 (N.D. Cal. Dec. 20, 2010) (noting that, "[i]n addition to being aware of California users of [defendant's website], [defendant] established a California-specific privacy policy in order to comply with California law [and] thus expressly sought consumers in California"; adding that "[defendant's] description of the channel system on its website, using a girl from California as an example to explain the payment model, further supports the finding that [it] expressly aims [its] interactive web services at California residents").  Nor is

---

[2] According to the complaint, one Plaintiff (d.light design, Inc.) is organized under California law and has its principal place of business in California.  The other Plaintiff (d.light design, Ltd.) is organized under Hong Kong law and has its principal place of business in Hong Kong.  *See* Compl. ¶¶ 6-7.  The Court assumes that, in spite of the Hong Kong location of the latter Plaintiff, corporate headquarters for the companies are in fact based in California.

United States District Court
For the Northern District of California

there evidence of any significant volume of sales actually made to California consumers. *Compare, e.g.*, *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 400-01 (4th Cir. 2003) (noting that, "[w]hile the *Zippo* defendant was 'doing business over the Internet' with residents of the forum state, entering into contracts through its website with 3,000 individuals and seven Internet access providers in the forum state, the only concrete evidence of online exchanges between [defendant] and Maryland residents was the single donation initiated by [plaintiff's] counsel (and ostensibly made to bolster the position of her client in this litigation)").

Nevertheless, Plaintiffs' second theory has merit. More specifically, Plaintiffs have provided evidence that Defendants willfully copied Plaintiffs' designs (*e.g.*, because of the substantial similarity in designs and, in some cases, because of the use of the d.light trademark) and that Defendants at the very least should have known that Plaintiffs' corporate headquarters were in California. *See* http://www.dlightdesign.com (last visited February 3, 2013) (publicly available and easily accessible website for Plaintiffs describing company as a "San Francisco based for-profit social enterprise").[3] These circumstances support Plaintiffs' contention that there was express aiming on the part of Defendants at California. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678-79 (9th Cir. 2012) (in case where Washington-based plaintiff sued Arkansas-based defendant for willful copyright infringement, concluding that there was sufficient individualized targeting to establish express aiming where defendant knew of the existence of the plaintiff's copyright and knew or should have known of the plaintiff's home forum in Washington).[4]

---

[3] *See also Facebook, Inc. v. ConnectU LLC*, No. C 07-01389 RS, 2007 U.S. Dist. LEXIS 61962, at *16 (N.D. Cal. Aug. 13, 2007) (noting that "there is no dispute that PNS and Williams were fully aware that Facebook existed, and that they specifically targeted their conduct against Facebook[;] [t]hat they were able to do so while remaining ignorant of Facebook's precise location may render this case factually distinct from prior precedents finding jurisdiction for acts of express aiming, but not in a manner that warrants a different result").

[4] The Court acknowledges that, arguably, *Washington Shoe* is problematic for Plaintiffs – more specifically, to the extent that they have asserted claims for willful patent infringement. While there was evidence in *Washington Shoe* that the defendant knew of the existence of the plaintiff's copyright, here, Plaintiffs have not pointed to any evidence indicating that Defendants knew of the existence of Plaintiffs' patents. However, in their complaint, Plaintiffs have not simply alleged patent infringement. Rather, they have also asserted other claims – *e.g.*, for trade dress and trademark infringement in violation of the Lanham Act (neither of which is dependent on registration with the PTO). *See Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 683 (9th Cir. 2012) (noting that, under the Lanham Act, § 1125(a), "'[i]n a civil action for trade dress

3

For the foregoing reasons, the Court shall grant Plaintiffs' request for a TRO. However, it finds that, at this point in the proceedings, Plaintiffs are entitled to relief narrower than that requested. *See* Docket No. 58 (Order at 2) (identifying concerns with relief sought by Plaintiffs). More specifically, at this juncture, the Court shall only enjoin Defendants (including their officers, agents, service, employees, attorneys, and others in active concert or participation with them) from selling, offering for sale, or causing the sale of the allegedly infringing products in the United States. This TRO shall last until **February 17, 2014, at 5:00 p.m.** If Plaintiffs wish for an extension of the TRO beyond that time, they must ask for such an extension at least two days before the TRO is to expire.

Plaintiffs are to provide a security in the amount of $5,000 no later than February 10, 2013, or this TRO will automatically expire.

Plaintiffs are ordered to immediately serve a copy of this order on Defendants by the best means practicable. A declaration regarding service shall be promptly filed.

This order disposes of Docket No. 45.

IT IS SO ORDERED.

Dated: February 3, 2014

_____
EDWARD M. CHEN
United States District Judge

---

infringement . . . for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional'"); *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966-67 (9th Cir. 2011) (noting that, under the Lanham Act, 15 U.S.C. § 1125(a), "a claimant may still prove the validity of an unregistered mark[;] [w]ithout a federal registration, however, the claimant loses out on the presumption of validity that registration confers").