**United States District Court**
For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   D.LIGHT DESIGN, INC., *et al.*,              No. C-13-5988 EMC

9              Plaintiffs,

10        v.                                      **ORDER GRANTING PLAINTIFFS'
                                                  MOTION FOR A PRELIMINARY
11  BOXIN SOLAR CO., LTD., *et al.*,              INJUNCTION**

12             Defendants.                        **(Docket No. 45)**

13  _____/

14

15        Plaintiffs d.light design, Inc. and d.light design, Ltd. (collectively, "d.light") have filed suit

16  against ten different China-based defendants (only some of which are allegedly related), asserting

17  that they have, *inter alia*, infringed nine different design patents, infringed the trade dress of three

18  different d.light products, infringed the d.light trademarked name, and engaged in unfair

19  competition.  Previously, the Court granted d.light's second motion for a temporary restraining

20  order, *see* Docket No. 60 (Order at 4) (enjoining Defendants "from selling, offering for sale, or

21  causing the sale of the allegedly infringing products in the United States"), and ruled that the TRO

22  should last until the date of the hearing on the preliminary injunction motion.  *See* Docket No. 67

23  (order).  Currently pending before the Court is d.light's motion for a preliminary injunction.[1]  No

24  written opposition was filed to the motion.  Nor has any Defendant otherwise made an appearance in

25  this action despite the fact that Plaintiffs have taken significant steps to notify Defendants of this

26  action and this motion.

27  _____

28        [1] The Court deemed d.light's second motion for a TRO to be its motion for a preliminary
    injunction.

**United States District Court**
For the the Northern District of California

1    For the reasons discussed below, the Court hereby **GRANTS** the motion for a preliminary

2    injunction.

3                                          **I.    DISCUSSION**

4    A.    Legal Standard

5        "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

6    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

7    balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Network*

8    *Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Winter v.*

9    *Natural Res. Defense Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has held that

10                   the "serious questions" approach survives *Winter* when applied as part
                     of the four-element *Winter* test.  In other words, "serious questions
11                   going to the merits" and a hardship balance that tips sharply toward
                     the plaintiff can support issuance of an injunction, assuming the other
12                   two elements of the *Winter* test are also met.

13

14   *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011); *see also Drakes Bay*

15   *Oyster Co. v. Jewell*, No. 13-15227, 2014 U.S. App. LEXIS 915, at *28 (9th Cir. Jan. 14, 2014)

16   (stating the same).

17   B.    Analysis

18       In granting the TRO, the Court analyzed the same factors above as follows:

19                   Here, Plaintiffs have shown a likelihood of success on the
                     merits based on, *inter alia*, the substantial similarities between the
20                   designs of their products and the products of Defendants, the apparent
                     distinctiveness of Plaintiffs' trade dress and trademark, and the
21                   apparent nonfunctionality of Plaintiffs' trade dress.  Plaintiffs have
                     also made out an adequate showing that they are likely to suffer
22                   irreparable harm without temporary injunctive relief (*e.g.*, loss of good
                     will and/or reputation).  Finally, there is nothing in the record (at least
23                   not at this point) to suggest that Defendants would be unduly harmed
                     or that the public interest would suffer if a TRO were to be issued
24                   (particularly as so limited by the Court).

25   Docket No. 60 (Order at 1-2).  The Court subsequently found there was good cause for extending the

26   TRO to March 13 because "the grounds for originally granting the TRO continue to exist."  Docket

27   No. 67 (Order at 1).

28

United States District Court
For the Northern District of California

1    As the grounds for originally granting the TRO continue to exist even now, and no

2    Defendant has made an appearance to oppose the preliminary injunction, in spite of Plaintiffs'

3    numerous notice efforts, the Court deems it appropriate to convert the existing TRO into a

4    preliminary injunction.

5        To the extent d.light asks for broader relief at this juncture, its request is granted in part and

6    denied in part.  More specifically, the request is granted to the extent d.light seeks to begin discovery

7    now (*i.e.*, in advance of the initial case management conference).  To the extent d.light seeks relief

8    such as an order freezing Defendants' assets or an order disabling Defendants' websites and selling

9    pages, the request is denied without prejudice.  Such relief implicates the rights of third parties and,

10   as the Court previously noted, d.light has failed to cite any authority showing that the Court has the

11   authority to act vis-a-vis the third parties, particularly in the absence of any notice to them.  *See*

12   Docket No. 58 (Order at 2) (emphasis added).

13       Finally, the Court notes that, although it is granting d.light the relief described above, this is

14   not an endorsement of proper joinder pursuant to 35 U.S.C. § 299.  At the hearing, d.light suggested

15   that, if joinder may be a problem, that is an issue for a Defendant to raise.  However, d.light did not

16   cite any authority establishing that this Court is barred from raising the issue sua sponte.  Moreover,

17   even if the Court accepts that "questions of fact common to all defendants . . . will arise in the

18   action," § 299 also requires that

> parties that are accused infringers may be joined in one action as
> defendants . . . only if . . . any right to relief is asserted against the
> parties jointly, severally, or in the alternative with respect to or arising
> out of the same transaction, occurrence, or series of transactions or
> occurrences relating to the making, using, importing into the United
> States, offering for sale, or selling of the same accused product or
> process.

23   35 U.S.C. § 299.

## II.   CONCLUSION

25       For the foregoing reasons, d.light's motion for a preliminary injunction is granted as its

26   request for early discovery.  The terms of the preliminary injunction are as follows:

> Defendants (including their officers, agents, service,
> employees, attorneys, and others in active concert or participation with
> them) are hereby enjoined from selling, offering for sale, or causing

the sale, in the United States, of products that (1) infringe d.light's
design patents (the '571, '590, '430, '591, '417, '401, '243, '979, and
'817 patents) and/or that (2) infringe d.light's trade dress (specifically,
with respect to d.light's S2, S20, and S300 products) or trademark
(with respect to the "d.light" name).

The preliminary injunction shall continue pending resolution of this lawsuit but Defendants are not

barred from moving for dissolution of the preliminary injunction prior to the termination of the

action.  Moreover, Plaintiffs may seek to expand the scope of relief upon a proper showing.

The Court orders Plaintiffs to immediately serve a copy of this order on all Defendants by the

best means practicable.  Plaintiffs shall file a declaration confirming and describing service no later

than March 21, 2014.

This order disposes of Docket No. 45.


IT IS SO ORDERED.


Dated:  March 13, 2014

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California