Pages 1 - 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN

| | |
|---|---|
| d.light design, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | NO. C 13-5988 EMC |
| ) | |
| BOXIN SOLAR, et al, ) | |
| ) | San Francisco, California |
| Defendants. ) | Thursday |
| ) | March 13, 2014 |
| _____) | 1:30 p.m. |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:


**For Plaintiff**:          MAYER BROWN, LLP
                            1675 Broadway
                            New York, New York, 10019
                   **BY:  VANESSA BIONDO, ESQ.**


*Reported By:    Debra L. Pas, CSR 11916, CRR, RMR, RPR*
*Official Reporter - US District Court*
*Computerized Transcription By Eclipse*

P R O C E E D I N G S

**March 13, 2014**                                          **1:41 p.m.**

**THE CLERK:**  Calling Case C13-5988, d.light design versus Boxin Solar.

Counsel please come to the podium and state your name for the record.

**MS. BIONDO:**  Good afternoon, your Honor.  My name is Vanessa Biondo.  I'm with the law firm of Mayer Brown and I'm here on behalf of d.light design.

**THE COURT:**  Thank you, Ms. Biondi.  Have you heard anything from any of the defendants?

**MS. BIONDO:**  So, as your Honor knows, we've reached out to them every time there has been a filing with the Court and our local counsel in Hong Kong has been able to speak with them.

Mostly, the reaction that we've gotten when we make these phone calls is that they don't really want to be bothered; that they are finding it disruptive.

There, however, two defendants and those defendants are Quingdao and Power Solution, who have indicated a willingness to try to find a settlement with us.  So we have been communicating with them to that end, but nothing has been resolved to date.

**THE COURT:**  Are they represented?

**MS. BIONDO:**  They are not.

**THE COURT:** And are they in Hong Kong? China? Where are they?

**MS. BIONDO:** They are in China, they are in the Mainland.

**THE COURT:** By you're confident that each of the defendants knows about the action and what we're doing?

**MS. BIONDO:** I'm very confident that each of the defendants knows.

**THE COURT:** There are a couple of issues that I asked for briefing on and, obviously, we didn't get any briefing from the defendants since they haven't appeared, but you didn't respond either to my question about whether joinder is appropriate in view of the design patents in this case.

**MS. BIONDO:** Well, your Honor, it's our position that joinder is, in fact, appropriate under 35 USC 299. I'm sure your Honor is familiar with the language of that provision, but, you know, essentially it says that it's appropriate -- excuse me one moment.

(Brief pause.)

You know, it's -- if you go through the provisions of it, we've got questions of fact that are common to all the defendants here. We've got relief that is similar, similarly sought from all of the defendants for similar reasons. And I believe that it would really be upon the defendants to come in and tell the Court why joinder is not appropriate.

**THE COURT:**  Well, is this -- are design patents to be treated any different than utility are patents under 299?

**MS. BIONDO:**  I believe that under the provision, that design patents are not specifically called out as any different than utility patents.

I do believe, however, though, as I already said, your Honor, that to the extent that defendants think that joinder is not appropriate, it's their burden to raise that issue with the Court.

**THE COURT:**  So it's not a jurisdictional problem.

**MS. BIONDO:**  I don't believe it is.

**THE COURT:**  You've also asked about action -- for us to order -- the Court to take action vis-a-vis third parties, but that raises a whole new set of questions about notice to third parties and involvement.  I'm reluctant to do that without some further briefing as to what is the extent of the power of the Court vis-a-vis third parties, what kind of notice needs to be given, what's the -- I'm very reluctant just to issue something without some advance notice.  I don't know what implication it has to burden on third parties, their rights.

**MS. BIONDO:**  So, your Honor, when you're referencing "third parties," you mean entities such as PayPal, whose -- you know, we've asked to have the accounts of the defendants frozen, the assets frozen pending resolution of this matter. And so are the third parties that you're referencing parties

such as PayPal and the credit card companies that we would be asking to take this action?

THE COURT:  Well, let me give you examples of that. In disabling defendant's websites, I guess would those be the service providers?

MS. BIONDO:  That's right.

THE COURT:  So anybody required to do anything, I would just like to see what it is, precisely what the authority is for me to do -- you know, to take any action or require them to take any affirmative steps.

MS. BIONDO:  We have authority.  I don't know the names of the cases off the top of my head, but we would be happy to provide supplemental briefing to that point.

I would ask that today your Honor issue a preliminary injunction and decide, upon us submitting that additional briefing, whether you will also allow us to that these steps of restraining the assets and having the websites disabled.

THE COURT:  That's -- and that's what I intend to do. I'm going to convert the temporary restraining order into a preliminary injunction as it is.  It will be issued as a preliminary injunction.

If you want to enhance that with some additional relief, I just -- I need some authority before I start ordering third parties to do certain things.  There may be some notice requirements or some other things that have to be complied

with, some state law requirements, I'm not sure.  But if you can show me what the appropriate path is, I'll certainly look at it at that point.

MS. BIONDO:  Absolutely.

THE COURT:  So I'll go ahead and issue -- and we'll do this in writing -- a formal preliminary injunction at this stage.

MS. BIONDO:  Thank you.

THE COURT:  And I think you've indicated that you want some third-party discovery.  I guess that's -- you know, to the extent you need -- I don't know if you need any cooperation on the part of this Court or you're just going to go ahead and start issuing and getting subpoenas or something?

MS. BIONDO:  I believe that what we'll do at this point is issue some subpoenas to the third parties to get a better understanding, for example, of the accounts that exist.

I know that our -- as your Honor knows, we've hired two investigators.  We have an investigator, who is based in North Carolina, who does these types of investigations, do the first part.  Then we had our Hong Kong counsel hire investigators in Hong Kong as well.

I know that the U.S. based investigator had obtained some information regarding what accounts of the defendants are at issue, but we could follow, and certainly will follow, with these parties to get additional information.

The other thing we would ask is for expedited discovery from the defendants.  As you know, they are not being responsive.  So I'm not sure that we actually will be able to get anything, but we would ask that the Court grant an order allowing us to, at a minimum, seek that discovery in the hopes of obtaining it.

**THE COURT:**  All right.  I will grant expedited discovery and to be taken and consistent with the Federal Rules of Civil Procedure.  And so discovery need not await any further, for instance, CMC and discovery plan under Rule 16.

I'm going to grant the discovery on an expedited basis, starting now, in view of the circumstances of this case and based on the representation that the defendants had notice of there case, have chosen so far not to participate in this matter and, yet, there is a danger of continuing harm.  So I think expedited discovery is appropriate here.

**MS. BIONDO:**  Thank you.

**THE COURT:**  All right.

**ms. biondo:**  Yes.

**THE COURT:**  When is our next CMC?

**THE CLERK:**  April 24th.

**MS. BIONDO:**  I believe it's --

**THE COURT:**  That's our CMC, and I guess at that point I'll hear back from you where things are at, if you're able to settle part of this case or made any progress.

**MS. BIONDO:**  We'll report back.

In terms of the additional briefing that you would like to see on those issues, do you have a date by which you would like to receive that?

**THE COURT:**  Well, I mean, it's up to you.  The earlier you get it, the quicker I can act on it to see if we can expand the scope of this.  I'm just going to leave that to you.

**MS. BIONDO:**  Do you anticipate that another hearing will be necessary?

**THE COURT:**  I don't think so.  As long as -- because what you've sought here, I think, has been notified to the other side, but I do think anything you file should be served in whatever way you can.

**MS. BIONDO:**  Absolutely.  And to be clear, what we're doing at this point is we are emailing -- because the papers are getting finalized in the U.S., we're emailing them from the U.S. at the time that they are finalized.  Our Hong Kong counsel is then forwarding that email with the translation.

We're also having our Hong Kong counsel call the defendants and reach them by phone, and we're also sending hard copies in the mail to each of the defendants of whatever papers have been filed.

**THE COURT:**  So you have physical addresses, too?

**MS. BIONDO:**  We have addresses that we have been

sending these documents to, yes.

THE COURT:  All right.  So whatever you file, as well as the actual preliminary injunction order, which I'll get out, that should be served as well.

MS. BIONDO:  Absolutely.  And we'll -- we'll do that as we get them.  So we won't wait to sort of batch them up -- we'll send them out as soon as we receive them.

THE COURT:  Thank you.

MS. BIONDO:  Thank you so much.

THE COURT:  Appreciate it.

MS. BIONDO:  Thank you.

(Proceedings adjourned.)

*Debra L. Pas, CSR, CRR, RMR, RPR*
*Official Reporter -  U.S. District Court - San Francisco, California*
*(415) 431-1477*

### CERTIFICATE OF OFFICIAL REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Friday, March 28, 2014