**Pages 1 - 14**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge

| | | |
|---|---|---|
| D.LIGHT DESIGN, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
|   VS. | ) | NO. C 13-5988 EMC |
| | ) | |
| BOXIN SOLAR, | ) | |
| | ) | |
| | ) | |
|         Defendant. | ) | |
| | ) | |

San Francisco, California
Thursday, December 18, 2014

**<u>TRANSCRIPT OF PROCEEDINGS</u>**

**<u>APPEARANCES</u>**:

For Plaintiff:
                        MAYER BROWN LLP
                        3000 El Camino Real
                        Two Palo Alto Sq. 3000
                        Palo Alto, CA 94306
                **BY:  JENNIFER TERYN LORCH
                        ATTORNEY AT LAW**

Reported By:    Lydia Zinn, CSR #9223 Official Court Reporter
Transcribed By:  Rhonda Aquilina, CSR #9956 Court Reporter

**Thursday - December 18, 2014**                                    **2:15 p.m.**

                              **P R O C E E D I N G S**

                                   **---000---**

          **THE CLERK:**  Calling case C-13-5988, D.Light versus Boxin.

     Counsel, please come to the podium and state your name for the record.

          **MS. LORCH:**  Good morning, Your Honor.  Jennifer Lorch on behalf of plaintiffs.

          **THE COURT:**  Okay.  So what is going on?

          **MS. LORCH:**  We've brought this motion today seeking for you to deem the service of process effectuated on four defendants on whom we've made every effort to serve according to the Hague Convention procedures, but have been unable to serve because they have not provided correct address information either to the attorneys themselves, to the investigators that we've hired to try and find their addresses, and also to the government to whom they've had to report their addresses.  So throughout this process we've also been providing them with service via every form we can try, e-mail, phone, and mail service.  And so we're hoping that the Court can deem this e-mail service effectuated on the basis that the e-mail service satisfies the requirements for alternate forms of service outside of the bounds of the Hague Convention, that it's a method not prohibited by international agreement, and it

satisfies the applicable due process requirements, and additionally, the e-mail addresses have just been the most reliable method we've had, and the only method we've been able to confirm that we've been able to communicate with each of these defendants.

THE COURT:  All right.  Well, let's go through them quickly.  First of all, defendant Qingdao Sunflare New Energy Company, Limited, there's where you've had the most success.

MS. LORCH:  Correct.

THE COURT:  As much as they've communicated with investigators and attorneys via e-mail, and there's an e-mail address that belongs to Steven Wang, who is the General Manager, it appears.  And so it seems to me that the question of whether or not the -- there's been a reasonable service and some confidence that we can predict that actual notice got through, I think that's a pretty good one.

MS. LORCH:  Yes.

THE COURT:  That's the strongest one.

MS. LORCH:  Yes, Your Honor is right.

THE COURT:  So I'm going to grant the motion with respect to that defendant.

MS. LORCH:  Thank you, Your Honor.

THE COURT:  Now, Skone Lighting Company -- there was an attempted e-mail service at the sale@skonesolar, and that failed, right, because that website is still not functioning.

**MS. LORCH:**  I believe that's correct, Your Honor.

**THE COURT:**  But then one went to miewen@126.com, and I guess the question is:  What indication do we have?  Is there any indication that -- who is that?  Who is that miewen@126.com?  What's the connection to the company?

**MS. LORCH:**  Your Honor, my apologies.  I am not certain of the specific connection with regard to that individual you've just referenced.  What I can represent to the Court is that with regard to each of the e-mail addresses for each of the three remaining defendants with whom we have received confirmation, that at least an e-mail went through. That person or that e-mail address was provided by the company, and was a mechanism used by our investigators to effectuate the purchase of a product from that company, so an entire transaction was completed using that e-mail address that eventually received and didn't reject the e-mail.

**THE COURT:**  So then the sale was made by communicating not with sale@skonesolar, but by going directly to miewen@126.com to purchase the product?

**MS. LORCH:**  That is my understanding.  If possible I'd like to confirm that, but that is my understanding.

**THE COURT:**  Do you have something there that could confirm that?

**MS. LORCH:**  I hope that I do.

Your Honor, if it would please the Court, would it be

possible for me to possibly sit down while we're here on the matter and try to confirm that with regard to each of the emails that I suspect you're going to ask me about, so that I don't waste the Court's time?

**THE COURT:** Yeah, okay, that's fine. I also note that the Sky -- oh, that's a different one -- LF -- okay, that's the fourth one. Yeah, why don't you go ahead. That's what I want to know.

**MS. LORCH:** Okay.

**THE COURT:** And also, for instance, there was one where there was contact with somebody at Fox Rothschild on one of these. Yeah, the Sailing Motor, Limited.

**MS. LORCH:** Mm-hm.

**THE COURT:** And I was going to ask you: Do you have any indication of who Tchan@foxrothschild is, and what his or her connection is with the company? So anything that ties that, and if the sales was made through that, and I've indicated in my earlier order that I'm not sure sales alone is enough, I guess one could infer that, but if it was, for instance, an outside salesperson agent that handled a lot of stuff, a lot of companies, a distributor, for instance, then it's not -- I'm not as confident that necessarily that the company actually got it, if it was just a sales agent, unless there's some indication that they were part of the company; and so there's a little difference, where, in some situations, the

e-mail address, if it didn't have the domain name, I think did appear. Obviously, if it has a connection with a domain name of the company, that's pretty good, because a lot of those have dissolved. So anyway, that's what I'm interested in.

**MS. LORCH:** Okay.

**THE COURT:** Okay?

**MS. LORCH:** Yes, thank you, Your Honor.

(Proceedings adjourned at 2:22 p.m.)

**THE CLERK:** Re-calling C-13-0598, D.Light Design versus Boxin Solar Company, Limited.

Counsel, please state your appearances.

**MS. LORCH:** Good afternoon, your Honor.

**THE COURT:** Good afternoon.

**MS. LORCH:** Again, my name is Jennifer Lorch on behalf of the plaintiffs.  Thank you for the opportunity to have the case re-called.

**THE COURT:** Sure.

**MS. LORCH:** So I have compiled the information that I'm able to give you to answer the questions that you asked me with references to exhibits that are already in the record in other dockets.

**THE COURT:** All right.

**MS. LORCH:** I also wanted to respectfully request that, as the Court had indicated earlier, that it grant the motion as to the Qingdao defendants, and give us the opportunity to file a supplemental declaration providing all of this information and the supporting documents as to the other three defendants, so we can make sure that everything's in the record.

**THE COURT:** Okay.

**MS. LORCH:** I'm happy to provide you with that information, though, in advance of doing that.

With regard to Skone Lighting, the e-mail address that we

are certain has received or that has not received a bounce back of the information that's been sent is the second e-mail address on the chart, the miewen@126.com.

THE COURT:  Right.

MS. LORCH:  That information comes from the Who Is Information for Websites, and that is indicated in the Tarbutton declaration.

THE COURT:  That came from what now?

MS. LORCH:  Excuse me?

THE COURT:  Where did it come from?

MS. LORCH:  From the Who is Information For Websites, which, as I understand, is a source of information for contact information for corporations, and that information comes -- is in the docket at docket numbers 52 through 54, the Tarbutton exhibit, Tarbutton declaration Exhibit BB.  As to --

THE COURT:  And so the Who Is ties this to Skone Solar?

MS. LORCH:  Yes.

THE COURT:  Okay.  And also was this the address used to purchase the product?

MS. LORCH:  With regard to this particular company, I was not able to confirm that.  I was able to confirm it for two of the others.

THE COURT:  All right.  So the tie is through the Who Is?

**MS. LORCH:**  Yes.

**THE COURT:**  Okay.

**MS. LORCH:**  As to Sailing Motor Company, Limited --

**THE COURT:**  Yeah.

**MS. LORCH:**  -- the address that nothing bounced back from is the Sailingmotor@126.com.

**THE COURT:**  Uh-huh.

**MS. LORCH:**  This was the address used for the sale correspondence with the investigator, and that's in the record, the same declaration, the Tarbutton declaration, Exhibit W at docket numbers 52 through 54.

**THE COURT:**  So that's a Who Is also?

**MS. LORCH:**  I believe that that is -- I'm not sure where it was originally generated from, whether it was found from Who Is, but it is the email address that the sale was effected through.

**THE COURT:**  So it's docket 52 --

**MS. LORCH:**  52 through 54 and it's Exhibit W to the declaration.

**THE COURT:**  That shows it was the corresponding address.

**MS. LORCH:**  That's my understanding.

**THE COURT:**  Address for the purchase?

**MS. LORCH:**  Yeah.

**THE COURT:**  And when was the purchase made?

**MS. LORCH:** I apologize. I don't have that information off the top of my head.

**THE COURT:** Within this year?

**MS. LORCH:** Oh, yes, I'm sorry, it was shortly before the complaint was filed, within a year of the complaint being filed for certain, probably less time than that. I can get that information.

**THE COURT:** All right. Did you find out anything about Fox Rothschild?

**MS. LORCH:** Yes. Oh, the Fox Rothschild, the indication that I received is that that party is actually no longer in the case, so that was not the e-mail that was relied on, and that's not the one that we can confirm we didn't receive a bounce back of the information from.

**THE COURT:** All right. So the Fox -- the Tchan@foxrothschild is not helpful?

**MS. LORCH:** Correct.

**THE COURT:** Is it the Sailingmotor@126.com you're pinning it on?

**MS. LORCH:** Yes. And then with regard to the final (unintelligible), it's the second email address --

**THE COURT REPORTER:** I'm sorry, the final?

**MS. LORCH:** The final one of the defendants at issue today, which is in short LF Sky. And the e-mail address that we can confirm we didn't receive a bounce back from is the

second email address on the chart, LFX2217@gmail.com, and that address was obtained from the company's website homepage.

THE COURT:  Okay.  Let's see.  That was a bounce back or not a bounce back?

MS. LORCH:  No, that's the one that there was no bounce back from.

THE COURT:  The 2217@gmail?

MS. LORCH:  Correct.

THE COURT:  So the other one, the Solar Sky was a bounce back, sales@solar -- at LF Sky Solar?

MS. LORCH:  I believe so.  What I know for sure is that the one below it was not a bounce back.

THE COURT:  And that address --

MS. LORCH:  Comes from the company's website homepage, and that is in the Molano declaration at docket number 122.  It's this declaration, Exhibit G.

THE COURT:  And was a purchase made through that or do you know?

MS. LORCH:  I can't confirm that a purchase was made through that.

THE COURT:  But it came from the company website?

MS. LORCH:  Yes.  And with regard to -- if Your Honor does want additional information, we'd be happy to provide more information than this with regard to the relationship between each of these e-mails and the corporation, including the

supporting exhibits, and a complete list of the e-mail addresses that the investigator corresponded with to make the sales, if that's helpful to the Court.

THE COURT:  Okay.  And there was -- there was also an indication that -- there's also -- oh, that's for Skone. There's an alter ego claim there that Skone is related to Beihai Skone.  There's some suspicion there that it's one entity due to the other defendant.

MS. LORCH:  Mm-hm.

THE COURT:  I guess that's further evidence that you would cite that perhaps there was notice.

MS. LORCH:  Exactly.

THE COURT:  But you really don't have much proof of alter ego per se, at this point.

MS. LORCH:  Not at this point, Your Honor.

THE COURT:  Yeah, well, I guess that leaves the question then legally if you have this situation where there's an e-mail address to -- looks like some kind of sales representative, sales channel like the miewen@126.com for Skone Lighting, is that enough for due process purposes?

And what assurance do we have that this was not -- this was really somebody at the company, not just some distributor, somebody at home selling, et cetera, et cetera?  Of course this one you do have a Who Is though.

MS. LORCH:  Yes.

**THE COURT:** And what does Who Is tell you exactly?

**MS. LORCH:** Your Honor, you have my honest apologies, but I tried to pull up that website while I was sitting outside in order to understand fully what it's used for, and I wasn't able to do that. I don't want to misrepresent on the record what the website will tell you.

**THE COURT:** Okay. And the Sailingmotor@126 was used for sales correspondence, was that also referenced on the website at all or is that just --

**MS. LORCH:** Not to my knowledge, but I can't be sure that it wasn't. I just am trying to only tell you the things that I can be sure of right now.

**THE COURT:** All right. And there is no Who Is connection?

**MS. LORCH:** Not that I'm aware of. Again, I just don't want to tell you something is there that I can't know for sure.

**THE COURT:** Okay. All right. I think, with respect to the Guangzhou LF Sky Energy Technology enough has been shown, because there was no bounce back, and it came from the company website. That's a pretty good indicator that whoever it is was directly tied to the company.

So I think, with respect to both that defendant, and the Qingdao Sunflare Energy Company, I find that there is a sufficient showing of nexus and likelihood of actual notice and

delivery. I'm a little more concerned and skeptical about the other two, because we have one where there was a Who Is connection, but no purchase was made through there, so we don't know, and the other one is a purchase connection, but then we don't have any other indication whether there's not somebody who just could have been, you know, some kind of distributor or something with no control or direct in with the company.

But if you, you know, if you find out more, and you want to supplement that -- kind of the way I look at it is if you've got sort of two indicia or a nice solid one, I'm willing to go with that, because I know how difficult it is, but one bear piece is probably not enough.

**MS. LORCH:** Understood. Thank you, Your Honor.

**THE COURT:** So I will deem service completed on the other two defendants, and will deny the motion without prejudice with respect to Skone and Sailing.

**MS. LORCH:** Thank you, Your Honor.

**THE COURT:** Any time you want to supply me with that, let me know.

**MS. LORCH:** Okay. Great. Thank you very much. We appreciate it.

**THE COURT:** Thanks for your patience.

**THE CLERK:** Court is adjourned.

(Proceedings adjourned at 3:55 p.m.)

**CERTIFICATE OF REPORTER**

I (we) certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the stenographic notes of Official Court Reporter Lydia Zinn provided to me by Lydia Zinn of the United States District Court for the Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.  I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

DATE:   Tuesday, December 23, 2014

_____

Rhonda L. Aquilina, CSR No. 9956, RMR, CRR
                Court Reporter