UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.LIGHT DESIGN, INC., *et al.*, | No. C-13-5988 EMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO DEEM SERVICE EFFECTUATED AS TO DEFENDANTS SKONE LIGHTING CO., LTD. AND SAILING MOTOR CO., LTD.** |
| v. | |
| BOXIN SOLAR CO., LTD., *et al.*, | |
| Defendants. | **(Docket No. 121)** |

      Presently before the Court is Plaintiffs d.light, Inc. and d.light design, Ltd.'s Motion to Deem Service Effectuated as to Defendants Skone Lighting, Co., Ltd. and Sailing Motor Co., Ltd. The Court hereby **GRANTS** the Motion to Deem Service Effectuated as to Skone Lighting, Co., Ltd. and Sailing Motor Co., Ltd.

### I.  BACKGROUND

      Plaintiffs d.light, Inc. and d.light design, Ltd. (collectively "d.light") brought this action against Defendants, nine China-based companies, for patent infringement, trade dress infringement, false advertising, and unfair competition. Plaintiffs also brought a trademark infringement action against Defendants Qingdao and Power-Solution. Docket No. 1 (Complaint) ¶ 1. Plaintiffs allege that all Defendants knowingly and willfully infringed upon Plaintiffs' intellectual property rights in the design of d.light's solar energy products. *Id.* ¶ 2.

      On November 12, 2014, Plaintiffs filed a motion requesting the Court to enter an Order deeming service of process effectuated by email on four Defendants (Qingdao Sunflare New Energy Co., Ltd., Skone Lighting Co., Ltd., Sailing Motor Co., Ltd., and Guangzhou LF Sky Energy

1 Technology Co., Ltd.).  Docket No. 121 (Motion to Deem Service Effectuated by Email).  At the
2 hearing on December 18, 2014, for the reasons stated on the record, the Court granted Plaintiffs'
3 motion as to Defendants Qingdao Sunflare and Guangzhou LF Sky but denied the motion without
4 prejudice as to Defendants Skone Lighting and Sailing Motor.  Docket No. 129 (Hearing Transcript)
5 14:14-16; *see also* Docket No. 124.  With the Court's leave, Plaintiffs submitted supplemental
6 briefing as to why the motion should be granted as to Skone Lighting and Sailing Motor.  Docket
7 No. 137.

## II. DISCUSSION

### A. Legal Standard

Unless federal law provides otherwise, Federal Rule of Civil Procedure 4(f)(3) permits service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  The Ninth Circuit has interpreted Rule 4(f)(3) to allow service on foreign defendants by email where the defendants were unreachable by other means or had no known physical address.  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).  To establish that service of process by email is appropriate in a given case, a plaintiff must show that (1) international agreement does not prohibit service by email; and (2) that service by email is "reasonably calculated to provide actual notice" to the defendant.  *Id.* at 1016, 1014.  *See also ADT Sec. Services, Inc. v. Security One Intern., Inc.*, No. 11 CV 05149 YGR, 2012 WL 3580670, at *3 (N.D. Cal. 2012); *In re LDK Solar Securities Litigation*, No. C 07 05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. 2008); *Facebook, Inc. v. Banana Ads, LLC,* No. C 11 3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. 2012).

The second requirement, that service by email must be "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections," is necessary to satisfy constitutional due process norms.  *Rio Properties*, 284 F. 3d at 1016.  *Rio Properties* acknowledged the "limitations" of email as a method of service.  *Id.* at 1018.  *Rio Properties* committed the task of balancing the limitations and benefits of email service in a particular case to the discretion of the district court.  *Id.*

B.  <u>International Agreement Does Not Prohibit Email Service</u>

China is a party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. China has objected to Article 10 of the Hague Convention, which allows service to be effected by postal channels. *See* "Table Reflecting Applicability of Articles 8(2), 10(a)(b) and (c), 15(2) and 16(3) of the Hague Service Convention," available at http://www.hcch.net/upload/applicability14e.pdf, last visited January 26, 2014. As a result, it is not clear whether service by email to Chinese citizens would satisfy the Hague Convention where the Hague Convention applies. *See Agha v. Jacobs*, No. C 07 1800 RS, 2008 WL 2051061, at *2 (N.D. Cal. 2008) (declining to distinguish email and "postal channels" where defendants lived in a country that objected to Article 10 of the Hague Convention and the plaintiff knew the addresses of the defendants in Germany).

In this case, however, despite Plaintiffs' diligent effort to locate the addresses of Defendants, the physical addresses of Skone Lighting and Sailing Motor remain unknown. Because the physical addresses of these Defendants are unknown, the Hague Convention does not apply. Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163; *see also Liberty Media Holdings, LLC. v. Sheng Gan*, No. 11 CV 02754 MSK KMT, 2012 WL 122862, at *3 (D. Colo. 2012) (holding that the Hague Convention does not apply to defendant who lived in China and whose address was unknown); *United States v. Distribuidora Batiz CGH, S.A. De C.V.,* No. 07cv370-WQH-JMA, 2011 WL 1561086, at *5 (S.D. Cal. 2011). Absent the application of the Hague Convention, it is not apparent that any international agreement applies in this case. International agreement does not, therefore, prohibit service of process by email. *See Rio Properties*, 284 F.3d at 1014.

C.  <u>Service by Email is "Reasonably Calculated to Provide Actual Notice" to Defendants Skone Lighting and Sailing Motor</u>

The Court also finds that service by email is reasonably calculated to provide actual notice to Defendants Skone Lighting and Sailing Motor. The Court has reviewed Plaintiffs' supplemental briefing and concludes that Plaintiffs have proffered adequate additional support to demonstrate that the email addresses at issue are reasonably calculated to provide actual notice.

Plaintiffs have shown that, in multiple respects, Skone Lighting held out the email address at issue as its preferred contact information. *See Rio Properties,* 284 F.3d at 1018. Skone Lighting conducted business online via email and provided no valid street address when registering its websites. *Cf. id.* The email was provided to a website domain registrar as the appropriate contact for Skone Lighting in its website registration materials. Skone Lighting's website registrations are publicly available through the "WhoIs" database, which compiles registration information from various website registrars. Use of such contact information is reasonably calculated to lead to actual notice. *See id.* (service of process by email proper where defendant company listed email address as the company's contact information when registering the allegedly infringing website domain); *DFSB Kollective Co. v. Bing Yang*, No. C 11 1051 CW, 2013 WL 1294641, at *10 (N.D. Cal. 2013) (service of process by email proper where defendant company provided email address but no valid street address for website registration); *craigslist, Inc. v. Troopal Strategies, Inc.*, No. C 09 04741 JW, at *2 (N.D. Cal. 2010) (service of process by email proper where defendant company listed email address as company contact information for website registration). The email address is also associated with Skone Lighting's PayPal account. Plaintiffs' investigators used that PayPal account to pay for samples of the allegedly infringing products. Additionally, email tracking measures utilized by Plaintiffs indicate that emails to the Skone Lighting email address were sent successfully, and no "bounceback" was received suggesting that the email was not delivered. *See ADT Sec. Services*, No. 11 CV 05149 YGR, 2012 WL 3580670, at *3 (N.D. Cal. 2012) (service of process to email address listed on defendant company's website reasonably calculated to provide actual notice when not returned as undeliverable); *cf. Sheng Gan*, No. 11 CV 02754 MSK KMT, 2012 WL 122862, at *4 (D. Colo. 2012) (requiring plaintiffs to utilize email tracking measures to confirm delivery of service of process by email in order to satisfy due process requirements).

Similarly, Plaintiffs have identified multiple indicia of reliability with respect to the email address associated with Sailing Motor. For example, the email address appears on Sailing Motor's price sheet, a man who identified himself as the owner of the company provided the email address as the company's contact information to Plaintiffs' investigators, and Plaintiffs' investigators communicated via that email address to facilitate the purchase of allegedly infringing products. *See*

*Facebook*, No. C 11 3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. 2012) (service of process by email proper where plaintiffs had valid email address for defendants and defendants were involved in commercial internet activities and relied on electronic communications to operate their businesses). Additionally, Plaintiffs' counsel has reached the owner of Sailing Motor by telephone and provided notice of the suit. The owner of Sailing Motor claimed during these calls that he had abandoned the company and its associated email addresses. Sailing Motor has declined, however, to provide an updated email address. Such evasion points to the need for alternative service. "[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal courts, email may be the only means of effecting service of process." *Rio Properties,* 284 F.3d at 1018. Importantly, email tracking measures suggest that Plaintiffs' email to the Sailing Motor email address was delivered successfully and did not bounce back as undeliverable.

In considering the totality of the circumstances, and weighing benefits against limitations, service by email is reasonably calculated to provide actual notice to Defendants Skone Lighting and Sailing Motor. Such service may, in fact, be the method most likely to alert the Defendants of this action. *See Rio Properties,* 284 F.3d at 1017.

### III.  CONCLUSION

Plaintiffs have sufficiently shown that service by email is reasonably calculated to provide actual notice of this action and is not prohibited by international agreement. The Court **GRANTS** Plaintiffs' Motion to Deem Service Effectuated as to Skone Lighting Co., Ltd. and Sailing Motor Co., Ltd.

This order disposes of Docket No. 121.

IT IS SO ORDERED.

Dated: February 6, 2015

_____
EDWARD M. CHEN
United States District Judge