UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.LIGHT DESIGN, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BOXIN SOLAR CO., LTD., et al.,<br><br>Defendants. | Case No.   13-cv-05988-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>Docket No. 160 |

The Court has reviewed Plaintiffs' motion for default judgment. Having reviewed the papers submitted, the Court finds that supplemental briefing is appropriate. The Court orders Plaintiffs to file *and* serve a supplemental brief no later than **November 11, 9:00 a.m.**,[1] that addresses the following issues.

1.   Although the Court previously indicated that Plaintiffs had established personal jurisdiction sufficient to issue a TRO, *see* Docket No. 60 (Order at 2) (noting that "Plaintiffs have at this juncture made a sufficient showing that there is personal jurisdiction (although . . . this ruling does not preclude Defendants from contesting [such])" because "Plaintiffs have provided evidence that Defendants willfully copied Plaintiffs' designs . . . and that Defendants at the very least should have known that Plaintiffs' corporate headquarters were in California"), the Supreme Court decided *Walden v. Fiore*, 134 S. Ct. 1115 (2014), shortly thereafter. Plaintiffs shall address how *Walden* affects the personal jurisdiction analysis.

2.   Plaintiffs have proposed language to use in a permanent injunction. Plaintiffs shall address why the Court should not simply convert the existing preliminary injunction (with the

---

[1] Plaintiffs shall file a proof of service by the same day.

1 language used therein) into a permanent injunction, especially as the proposed permanent
2 injunction does not clearly delimit the territorial reach of the injunction and includes language that
3 does not appear to constitute infringement (*e.g.*, enjoining Defendants from "moving, storing or
4 disposing of . . . the solar light and power products alleged to infringe").

5   3.   It is not clear from Plaintiffs' papers whether they seek to have each defendant jointly and severally liable for the entirety of the sum of attorney's fees and costs. Assuming that it is Plaintiffs' position (*i.e.*, a single defendant could be held liable for the entire sum), then Plaintiffs shall address why there should be no allocation of fees and costs (even if only in part), particularly when not all Defendants are related to one another. Plaintiffs shall also provide additional information as to what specific costs were incurred.

**IT IS SO ORDERED**.

Dated: November 4, 2015

_____
EDWARD M. CHEN
United States District Judge